**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

UNITED STATES OF AMERICA,

                Plaintiff

                                  DECISION and ORDER

-vs-

                                  18-CR-6119

RAY DAVIS,

                Defendant

_____

      **Siragusa, J.** This case was referred by text order of the undersigned, entered on August 7, 2018, to Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b)(1)(A)-(B), ECF No. 23. On December 26, 2018, Defendant filed an omnibus motion, ECF No. 43, seeking *inter alia,* dismissal of the subject indictment and suppression of photographic identifications. With respect to his application to dismiss the indictment, Defendant moved based upon grounds of insufficiency and double jeopardy. With respect to his application to suppress photographic identifications, Magistrate Judge Payson ordered a hearing, which hearing was held February 20, 2019, ECF No. 53. In that regard, two photographic identification procedures involving two separate witnesses were conducted, the first on November 30, 2017, and the second on February 6, 2018. At the hearing, Defendant raised an issue regarding the November 30, 2017, procedure. He pointed out that an earlier photographic identification procedure involving Defendant had been conducted with the same witness in the course of a separate state investigation in October, 2015. Consequently, he maintained that the government had to show that the October, 2015, identification did not

prejudice the subsequent identification in November of 2017.   On May 1, 2019, Magistrate Judge Payson filed a Report and Recommendation ("R&R"), ECF No. 61, recommending that the Court deny Defendant's applications to dismiss the indictment and suppress the photographic identifications. After being granted a *nunc pro tunc* extension, Defendant timely filed objections on June 11, 2019, ECF No. 67, maintaining as follows:

> 1. <u>Dismissal of the Indictment.</u>
>
> Davis moves to dismiss the Indictment on two separate grounds. It should be dismissed for insufficiency. The Court found that there is a presumption that are lawful and regular. The motion is not based on speculation for reasons set forth in the Omnibus Motions and not the oral arguments. The Indictment must be dismissed for insufficiency.
>
> 2. <u>Photographic Materials</u>.
>
> The Hon. Marian W. Payson, in her Decision on the Photographic Identification Procedures, does not give credence to the fact that the witnesses viewed a photograph based on an earlier photographic identification procedure. Therefore, a subsequent identification procedure is tainted. As such, the defense objects to the recommendation allowing for the administration of an in Court identification of the Defendant. Therefore, the Court should grant the Defendant's motion to suppress the in Court photographic array of the Defendant.

Objection to Report and Recommendation, p.2.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the R&R to which objections have been made. Upon a *de novo* review of the R&R, including a review of the transcript of the suppression hearing held on February 20, 2019, along with exhibits received into evidence, as well as Defendant's objections, this Court accepts the proposed findings and recommendation. Accordingly, for the reasons set forth in Magistrate Judge Payson's R&R, Defendant's applications to dismiss the indictment and suppress the photographic identifications are denied.

IT IS SO ORDERED.

Dated: Rochester, New York
July 11, 2019

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge